My name is John Egan. I'm here for the plaintiffs. I'll begin by addressing the case that the court asked me to address. Could you pull that microphone? For some reason I'm just having a terrible time hearing this morning. Rangel v. P.L.S. Check Caches of California was a case in which a state Rule 23 class action reached a settlement and the settlement was worded very broadly. I think the best practices are not to include FLSA claims in an opt-out settlement. The cases that we cited on pages 40 to 42 of the brief lay that out. The issue in Rangel was the trial court in the state case did so anyway. It included a very broad settlement release that included FLSA claims. The issue in that case was do we have to afford full faith and credit to that state court settlement even though it may have been too broad? The answer was yes. We have to recognize the state's ability to do that. Whether the state was right to do it or not, the state did it. We have to allow that to have this preclusive effect that the state court would give it. In our case, we don't have a settlement. We have a jury verdict. What's the difference? Well, the difference is we give due respect to a state court judgment just like we do with settlements. They're both entitled to the, you know, the full credit. Yes, but the state court. Under and we apply race judicata principles to both. That's true. And in the state court settlement in Rangel said anything that's factually related. And the court in that case said here we only ask whether the settlement to which Rangel did not object extends to her current claims. It plainly does. But in that case, in Rangel, the court specifically said, you know, whether or not this settlement would be approved and whether or not it would have race judicata effect. It was cast more broadly than that. In other words, it's not just in race judicata, there's several elements, not just whether it's factually related. In that case, the settlement said anything that's factually related, whether those rights could have been vindicated or not. And in in Oregon and federal race judicata law, if the rights could not have been vindicated in the original case, they are not precluded in a subsequent case or in a separate case. So it was the breadth of the state. So what are you saying, that they couldn't have brought the FSLA claim in state court? Well, they didn't. And the FLSA. That's not what my question was. Is it your position they could not have brought the FSLA claim in state court? Well, if they had, it would have been removed. The defendant indicated their intention to do that. And then the plaintiffs couldn't have pursued their state law claims. Was that removed anyway? They tried to, and then there were no federal elements and it was remanded. That state court was remanded. So because of the specific elements of the FLSA, they say you can't be a party plaintiff to a case unless you opt in. And if a settlement says you're a party anyway, I don't care what the FLSA says, then we give full faith and credit to that. But that didn't happen here. Here we give regular rule-oriented race judicata effect to the state court verdict. And in this case, we had a state court decide that the two cases would proceed in tandem. Did the state court case proceed as a class action? Yes. It was noticed to the class? Yes. Is the notice in the record? I don't know that it's in the excerpt of record, but it's certainly in the record. It is? Yes. You don't know where? I don't believe it's in the excerpt of record. It was certainly in the record. It was filed in the district court. Yes. It was filed in the district court because plaintiffs made the argument as to waiver. In the waiver part of this case, plaintiffs argued to the district court that notice was given to the state court class action members  and so therefore the state court class action members did not receive notice that they would have to opt out in order to preserve their opt-in FLSA rights. So they were never told, you have to opt out or else your FLSA rights are gone. There was a settlement reached in Rangel that resulted in that. But here it's just a jury verdict. And we should also, you know, I point out again. Go ahead. Well, never mind. The state court in this case acquiesced in the splitting of the claims. So, you know, under race judicata you can't get around race judicata by splitting your race. Race judicata covers claim splitting. Yes, it does. You can't try and carve off some claims arising from a related factual scenario. That's the general rule, but there are several exceptions. One is waiver. One is if there are formal barriers to achieving the full, all of the claims in one case which the state court agreed with, that the size of the subclasses in the state court would prevent their certification under the federal rules because under the federal rules all subclasses. So the way you define the classes in the state case seemed to be different than the way you were suggesting the district court would have defined the classes here or would have proceeded with the classes here. I'm not sure that is the case. I mean, there were subclasses in the state case that were subsumed when they were certified, but they were opposed based on a subclass level by the defendants, definitely in the state court case. So the acquiescence by the state court, meaning the state court decided they could proceed in tandem, the two cases, and after judgment, the district court was required to accord that decision with preclusive effect. The state court decided that the cases could proceed separately, and that case went to a judgment, and the district court ignored that by imposing its own judgment on that. Also why didn't you just litigate both cases in federal court? Because we couldn't have certified the state classes in federal court. U.S. Supreme Court precedent says classes under 15 are per se not certifiable under Rule 23, and Oregon says any subclasses can proceed as long as the total class is sufficiently numerous. That's the rule that prevented us from pursuing the whole class action in federal court, and we should say the state court judge and the plaintiffs both offered the defendants the ability to pursue all of the claims in one case as long as it would be in state court where the plaintiffs could still certify their classes and subclasses. And the defendants stated on the record that they preferred not to pursue that. What were the subclasses in the state court? How big were they? The two minimum wage subclasses for the two different restaurants were 14 and 17. And that's the way they were defined in the state court? In the state court, the court certified one class rather than the subclasses as they were as we moved to certify them because it didn't matter. In federal court, it would have mattered that each of the subclasses did not sufficiently meet the numerosity requirement. In state court, there was no reason to draw that line because it was a distinction without a difference in the result. All right. Okay. So the other exception to res judicata under Restatement Second of Judgments 261D, which has been adopted by the Oregon court, and Section 86, which has been recognized by federal courts, is if res judicata would interfere or would be inconsistent with a statutory scheme. And here we have the FLSA that says people are not party plaintiffs to any case unless they opt in. And these federal court plaintiffs did not opt in to this state case. They, by definition in the FLSA, cannot have been party plaintiffs to the state case. And so that element of res judicata was not met. And I should say the district court indicated that the defendants had not waived res judicata by waiting four years and then bringing it on the eve of trial because there was no state court judgment. But Ninth Circuit law is clear that you can waive claim preclusion by failing to raise claim splitting pre-judgment, and that's Dodd v. Hood River, Trujillo v. City of Ontario, Clements v. Airport Authority, and Kern Oil v. Tenneco Oil. All of those cases said that if you don't, if you can't, a defendant cannot let two cases proceed in tandem and then object once one of them reaches judgment. I mean, a judgment is required for claim preclusion, but as Your Honor pointed out, claim preclusion also includes claim splitting. And so that if the defendant doesn't object to claim splitting, they can't later object to claim preclusion once judgment is entered. Okay. Thank you. Thank you very much, counsel. That matter is submitted at this time. And the last case on the calendar has also been submitted. So that ends our session for today.
judges: Fernandez, Paez, Burgess